1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

Anthony Ferraro, Melbourne Green, Mario Jarrett, David Taggart, Cindy Tanner, Saklie Hamilton-Mears, Garfield Hartman, Gene McMamee, Candis Cheshire, Holly Wood, Charlotte Ann Grant, Phillip Beecher, Anthony Labbate, and Marjorie Vindas,

        Plaintiffs,

  vs.

NATIONAL RECOVERY AGENCY; and DOES 1 to 10, inclusive,

        Defendants.

Case No.:

**CIVIL COMPLAINT**

**JURY TRIAL DEMAND**

      Plaintiffs, Anthony Ferraro ("Ferraro"), Melbourne Green ("Green"), Mario Jarrett ("Jarrett"), David Taggart ("Taggart"), Cindy Tanner ("Tanner"), Saklie Hamilton-Mears ("Mears"), Garfield Hartman ("Hartman"), Gene McMamee ("McMamee"), Candis Cheshire ("Cheshire"), Holly Wood ("Wood"), Charlotte Ann Grant ("Grant"), Phillip Beecher ("Beecher"), Anthony Labbate (:Labbate"), and Marjorie Vindas ("Vindas"), on behalf of themselves (hereinafter collectively as "Plaintiffs"), by and through their undersigned attorney, allege against the Defendants , National Recovery Agency and DOES 1 to 10, inclusive (hereinafter "Defendants") as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendants' multiple violations of 15 U.S.C. § 1692, *et seq.*, Fair Debt Collections Practices Act (hereinafter "FDCPA").  More specifically, Defendants, during the course of their 3rd party collection efforts of what are numerous consumer debts, violated multiple credit based reporting clauses of the FDCPA.

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3.     Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.     Plaintiff Anthony Ferraro is a natural person, who at all relevant times has resided at 68 Virginia Ave Unit 20, Danbury, CT 06810.  Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

5.     Plaintiff Melbourne Green is a natural person, who at all relevant times has resided at 543 Ocean Ave., Apt 2d, Brooklyn, NY 11226.  Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

6.      Plaintiff Mario Jarrett is a natural person, who at all relevant times has resided at 115114 223rd St, Cambria Heights, NY 11411. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

7.      Plaintiff David Taggart is a natural person, who at all relevant times has resided at 1075 Pine Ridge, Bushkill, PA 18324. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

8.      Plaintiff Cindy Tanner is a natural person, who at all relevant times has resided at 1075 Pine Ridge, Bushkill, PA 18324. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

9.      Plaintiff Sakile Hamilton-Mears is a natural person, who at all relevant times has resided at 146 Eugene Dr, Stroudsburg, PA 18360. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

10.     Plaintiff Garfield Hartman is a natural person, who at all relevant times has resided at 537 S. Franklin Street, Wilkes Barre, PA 18702. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

11.     Plaintiff Gene McMamee is a natural person, who at all relevant times has resided at 4721 Church Ave, Apt. 3R, Brooklyn, NJ 11203. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

12.   Plaintiff Candis Cheshire is a natural person, who at all relevant times has resided at P.O. Box 2485, Rosamond, CA 93560. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

13.   Plaintiff Holly Wood is a natural person, who at all relevant times has resided at 2408 Linda Lane, Upland, CA 91784. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

14.   Plaintiff Charlotte Ann Grant is a natural person, who at all relevant times has resided at 304 West 21st Street, Chester, PA 19013. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

15.   Plaintiff Phillip Beecher is a natural person, who at all relevant times has resided at 19439 112th Rd, Saint Albans, NY 11412. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

16.   Plaintiff Anthony Labbate is a natural person, who at all relevant times has resided at 3214 Wither Court, Bethlehem, PA 18017. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

17.   Plaintiff Marjorie Vindas is a natural person, who at all relevant times has resided at 113 Brown St, Trenton, NJ 08610. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

18.   Defendant is a corporation doing business in the State of Pennsylvania, with its corporate address at P.O. Box 67015, Harrisburg, PA 17106. Defendant,

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

National Recovery Agency, is a "debt collector" as defined by 15 U.S.C §

1692a(6), as it regularly collects on various personal debts ranging inclusive of but

not limited to debts stemming from various cable television providers.

## FACTUAL STATEMENT

*As to Plaintiff Anthony Ferraro Only*

19.     National Recovery Agency ("Defendant") has a tradeline listed on our

client's credit report. When our client noticed this tradeline, he contacted the

Defendant. During this call, the agent for the Defendant stated the debt did not

belong to our client. She stated she did not show an address matching our client's.

20.     Despite this information, our client was told that he should contact the credit

bureaus to have this tradeline removed. This false reporting on our client's credit

report violates the regulations of the FDCPA.

*As to Plaintiff Melbourne Green Only*

21.     On or about April 14, 2014, our client ran his credit report and saw a trade-

line from the Defendant listed.  On July 21, 2014, a verification of debt letter was

sent via facsimile to the Defendant disputing this and all alleged debts with the

Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission

verification report was received showing that the Defendant had received the fax.

22.     On or about September 11, 2014, and with Melbourne having received no

documentation from Defendant, ran another copy of his credit report.  Upon

viewing same, Melbourne realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

### As to Plaintiff Mario Jarrett Only

23.    On or about May 29, 2014, our client ran his credit report and saw a tradeline from the Defendant listed.  On July 18, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing this and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

24.    On or about November 11, 2014, and with Jarrett having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Jarrett realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

### As to Plaintiff David Taggart Only

25.    On or about June 11, 2014, our client ran his credit report and saw numerous tradelines listed from the Defendant listed. On July 17, 2014, a verification of debt letter was sent via facsimile to Defendant disputing any and all alleged debts with Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that Defendant had received the fax.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

26.     On or about October 14, 2014, and with Taggart having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Taggart realized that the Defendant's tradelines were still present, and that the accounts had failed to be marked as disputed.

*As to Plaintiff Cindy Tanner Only*

27.     On or about June11, 2014, our client ran her credit report and saw tradelines from the Defendant listed.  On July 17, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing this and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that Defendant had received the fax.

28.     On or about December 17, 2014, and with Tanner having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Tanner realized that the Defendant's tradelines were still present, and that the accounts had failed to be marked as disputed.

*As to Plaintiff Sakile Hamilton-Mears Only*

29.     On or about June 2, 2014, our client ran his credit report and saw a trade-line listed from the Defendant listed. On July 31, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

30.     On or about November 20, 2014, and with Hamilton-Mears having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Hamilton-Mears realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

*As to Plaintiff Garfield Hartman Only*

31.     On or about May 20, 2014, our client ran his credit report and saw a tradeline listed from the Defendant listed. On July 17, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

32.     On or about September 2, 2014, and with Hartman having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Hartman realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

*As to Plaintiff Gene McMamee Only*

33.     On or about May 10, 2014, our client ran her credit report and saw a tradeline listed from the Defendant listed. On June 17, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a

transmission verification report was received showing that the Defendant had received the fax.

34.     On or about August 31, 2014, and with McMamee having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, McMamee realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

*As to Plaintiff Candis Cheshire Only*

35.     On or about October 23, 2014, our client ran her credit report and saw a trade-line listed from the Defendant listed. On December 22, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

36.     On or about March 17, 2015, and with Cheshire having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Cheshire realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

*As to Plaintiff Holly Wood Only*

37.     On or about January 12, 2015, our client ran her credit report and saw a tradeline listed from the Defendant listed. The same day, a verification of debt

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

38.     On or about April 7, 2015, and with Wood having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Wood realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.


*As to Plaintiff Charlotte Ann Grant Only*

39.     On or about August 14, 2014, our client ran her credit report and saw a tradeline listed from the Defendant listed. On January 13, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

40.     On or about April 27, 2015, and with Grant having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Grant realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

*As to Plaintiff Phillip Beecher Only*

41.     On or about December 26, 2014, our client ran his credit report and saw a tradeline listed from the Defendant listed. On January 2, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

42.     On or about March 13, 2015, and with Beecher having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Beecher realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

*As to Plaintiff Anthony Labbate Only*

43.     On or about January 12, 2015, our client ran his credit report and saw a tradeline listed from the Defendant listed. On February 5, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

44.     On or about May 11, 2015, and with Labbate having received no documentation from Defendant, ran another copy of his credit report.  Upon

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

viewing same, Labbate realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

*As to Plaintiff Marjorie Vindas Only*

45.    On or about August 28, 2014, our client ran her credit report and saw a tradeline listed from the Defendant listed. On January 5, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

46.    On or about March 18, 2015, and with Vindas having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Vindas realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***
*As to Plaintiff Anthony Ferraro Only*

47.    Plaintiff repeats the allegations contained in paragraphs 1 through 46 and incorporates them as if set forth at length herein.

48.    Defendant has sought to collect on a debt that allegedly stems from, according to Ferraro's credit report, "Bradford Authenticated."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

49.    Bradford Authenticated is a retailer of various collectables, gifts and or trinkets.  Such items are primarily used for/as "personal and or household" reasons and as such are consumer debts under 15 U.S.C. §1692a(5).

50.    National Recovery Agency ("Defendant") has a tradeline listed on our client's credit report. When our client noticed this tradeline, he contacted the Defendant.  During this call, the agent for the Defendant stated the debt did not belong to our client. She stated she did not show an address matching our client's.

51.    Despite this information, our client was told that he should contact the credit bureaus to have this tradeline removed.  This false reporting on our client's credit report violates the regulations of the FDCPA.

52.    Plaintiff denies ever having an account with this company and continues to dispute the accuracy of the tradeline as of the date of this filing.

53.    Defendant has failed to communicate that the alleged debt was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

54.    Plaintiff has been damaged and is entitled to relief.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 _et seq._**
_As to Plaintiff Melbourne Green Only_

55.    Plaintiff repeats the allegations contained in paragraphs 1 through 54 and incorporates them as if set forth at length herein.

56.    Defendant has sought to collect on a debt that allegedly stems from, according to Green's credit report, "10 National Grid NY."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

57.    10 National Grid NY is a provider of energy, which in this case was provided to a personal residence, and thus is a consumer debt under 15 U.S.C. §1692a(5).

58.    On or about April 14, 2014, our client ran his credit report and saw a tradeline from the Defendant listed.  On July 21, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing this and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

59.    On or about September 11, 2014, and with Melbourne having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Melbourne realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

60.    Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

61.   Defendant has failed to communicate that the alleged debt was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

62.   Plaintiff has been damaged and is entitled to relief.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Mario Jarrett Only*

63.   Plaintiff repeats the allegations contained in paragraphs 1 through 62 and incorporates them as if set forth at length herein.

64.   Defendant has sought to collect on a debt that allegedly stems from, according to Jarrett's credit report, "Ridgewood Savings Bank."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

65.   Ridgewood Savings Bank is a consumer depository institution.  The account in question was that of a personal checking account, used to pay, *inter alia*, personal and household expenses and as such is a consumer debt under 15 U.S.C. §1692a(5).

66.   On or about May 29, 2014, our client ran his credit report and saw a tradeline from the Defendant listed.  On July 18, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing this and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

67.    On or about November 11, 2014, and with Jarrett having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Jarrett realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

68.    Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

69.    Defendant has failed to communicate that the alleged debt(s) was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

70.    Plaintiff has been damaged and is entitled to relief.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff David Taggart Only*

71.    Plaintiff repeats the allegations contained in paragraphs 1 through 70 and incorporates them as if set forth at length herein.

72.    Defendant has sought to collect on debts that allegedly stem from, according to Taggart's credit report, "Medical Payment Data."  The alleged debts are "consumer debts," as that term is defined by 15 U.S.C. §1692a(5).

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

73.     According to the Federal Trade Commission, medical debt is a consumer debt under 15 U.S.C. §1692a(5).

74.     On or about June 11, 2014, our client ran his credit report and saw numerous tradelines listed from the Defendant listed. On July 17, 2014, a verification of debt letter was sent via facsimile to Defendant disputing any and all alleged debts with Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that Defendant had received the fax.

75.     On or about October 14, 2014, and with Taggart having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Taggart realized that the Defendant's trade-lines were still present, and that the accounts had failed to be marked as disputed.

76.     Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

77.     Defendant has failed to communicate that the alleged debts were ones in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

78.     Plaintiff has been damaged and is entitled to relief.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Cindy Tanner Only*

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

79.    Plaintiff repeats the allegations contained in paragraphs 1 through 78 and incorporates them as if set forth at length herein.

80.    Defendant has sought to collect on debts that allegedly stem from, according to Tanner's credit report, "Medical Payment Data." The alleged debts are "consumer debts," as that term is defined by 15 U.S.C. §1692a(5) in that cable service is essentially for personal, family and or household purposes.

81.    According to the Federal Trade Commission, medical debt is a consumer debt under 15 U.S.C. §1692a(5).

82.    On or about June 11, 2014, our client ran her credit report and saw trade-lines from the Defendant listed. On July 17, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing this and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that Defendant had received the fax.

83.    On or about December 17, 2014, and with Tanner having received no documentation from Defendant, ran another copy of her credit report. Upon viewing same, Tanner realized that the Defendant's tradelines were still present, and that the accounts had failed to be marked as disputed.

84.    Plaintiff acknowledges having an account with this company but denies there is a balance due and owing. Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

85.    Defendant has failed to communicate that the alleged debts were ones in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

86.    Plaintiff has been damaged and is entitled to relief.

**COUNT VI**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***
*As to Plaintiff Sakile Hamilton-Mears Only*

87.    Plaintiff repeats the allegations contained in paragraphs 1 through 86 and incorporates them as if set forth at length herein.

88.    Defendant has sought to collect on a debt that allegedly stems from, according to Hamilton-Mears' credit report, "10 National Grid."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

89.    10 National Grid is a provider of energy, which in this case was provided to a personal residence, and thus is a consumer debt under 15 U.S.C. §1692a(5).

90.    On or about June 2, 2014, our client ran his credit report and saw a tradeline listed from the Defendant listed. On July 31, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

91.    On or about November 20, 2014, and with Hamilton-Mears having received no documentation from Defendant, ran another copy of his credit report.  Upon

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

viewing same, Hamilton-Mears realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

92.    Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

93.    Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

94.    Plaintiff has been damaged and is entitled to relief.

**COUNT VII**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***
*As to Plaintiff Garfield Hartman Only*

95.    Plaintiff repeats the allegations contained in paragraphs 1 through 94 and incorporates them as if set forth at length herein.

96.    Defendant has sought to collect on a debt that allegedly stems from, according to Hartman's credit report, "Columbia House."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

97.    Columbia House is a provider of goods, most often musical compact discs, and these items are traditionally for personal use, were in fact so in this matter and thus a consumer debt under 15 U.S.C. §1692a(5).

98.   On or about May 20, 2014, our client ran his credit report and saw a tradeline listed from the Defendant listed. On July 17, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

99.   On or about September 2, 2014, and with Hartman having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Hartman realized that the Defendant's trade-line was still present, and that the account had failed to be marked as disputed.

100.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

101.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

102.   Plaintiff has been damaged and is entitled to relief.

## COUNT VIII
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Gene McMamee Only*

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

103.   Plaintiff repeats the allegations contained in paragraphs 1 through 102 and incorporates them as if set forth at length herein.

104.   Defendant has sought to collect on a debt that allegedly stems from, according to McMamee's credit report, "10 National Grid NY." The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

105.   10 National Grid NY is a provider of energy, which in this case was provided to a personal residence, and thus is a consumer debt under 15 U.S.C. §1692a(5).

106.   On or about May 10, 2014, our client ran her credit report and saw a trade-line listed from the Defendant listed. On June 17, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

107.   On or about August 31, 2014, and with McMamee having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, McMamee realized that the Defendant's trade-line was still present, and that the account had failed to be marked as disputed.

108.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

109.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

110.   Plaintiff has been damaged and is entitled to relief.

## COUNT IX
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Candis Cheshire Only*

111.   Plaintiff repeats the allegations contained in paragraphs 1 through 110 and incorporates them as if set forth at length herein.

112.   Defendant has sought to collect on a debt that allegedly stems from, according to Cheshire's credit report, "Capital Management Ventures."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

113.   It is unknown what the underlying debt is for this tradeline as Capital Management Ventures is defunct.  Cheshire has no business interests and as such, it is believed the debt is consumer in nature.  What is known is that pursuant to the Capital Management Venture website, they have ceased operations and this message is displayed on the site:

> "If you are a consumer inquiring about a credit report item, we have directed our collection agencies to close all our accounts and remove any credit report items. If there is still a Capital Management item on your report, please contact the collection agency who placed the item on your account."

114.   On or about October 23, 2014, our client ran her credit report and saw a trade-line listed from the Defendant listed. On December 22, 2014, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

115.   On or about March 17, 2015, and with Cheshire having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Cheshire realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

116.   Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

117.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

118.   Plaintiff has been damaged and is entitled to relief.

**<u>COUNT X</u>**
**<u>VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT</u>**

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

### 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Holly Wood Only*

119.   Plaintiff repeats the allegations contained in paragraphs 1 through 118 and incorporates them as if set forth at length herein.

120.   Defendant has sought to collect on a debt that allegedly stems from, according to Wood's credit report, "Columbia House."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

121.   Columbia House is a provider of goods, most often musical compact discs, and these items are traditionally for personal use, were in fact so in this matter and thus a consumer debt under 15 U.S.C. §1692a(5).

122.   On or about January 12, 2015, our client ran her credit report and saw a tradeline listed from the Defendant listed. The same day, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

123.   On or about April 7, 2015, and with Wood having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Wood realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

124.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

125.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

126.   Plaintiff has been damaged and is entitled to relief.

**COUNT XI**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***
*As to Plaintiff Charlotte Ann Grant Only*

127.   Plaintiff repeats the allegations contained in paragraphs 1 through 126 and incorporates them as if set forth at length herein.

128.   Defendant has sought to collect on a debt that allegedly stems from, according to Grant's credit report, "Medical Payment Data."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

129.   According to the Federal Trade Commission, medical debt is a consumer debt under 15 U.S.C. §1692a(5).

130.   On or about August 14, 2014, our client ran her credit report and saw a tradeline listed from the Defendant listed. On January 13, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a

transmission verification report was received showing that the Defendant had received the fax.

131.   On or about April 27, 2015, and with Grant having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Grant realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

132.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

133.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

134.   Plaintiff has been damaged and is entitled to relief.

## COUNT XII
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Phillip Beecher Only*

135.   Plaintiff repeats the allegations contained in paragraphs 1 through 134 and incorporates them as if set forth at length herein.

136.   Defendant has sought to collect on a debt that allegedly stems from, according to Beecher's credit report, "National Grid Long Island."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

137.   National Grid Long Island is a provider of energy, which in this case was provided to a personal residence, and thus is a consumer debt under 15 U.S.C. §1692a(5).

138.   On or about December 26, 2014, our client ran his credit report and saw a tradeline listed from the Defendant listed. On January 2, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

139.   On or about March 13, 2015, and with Beecher having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Beecher realized that the Defendant's trade-line was still present, and that the account had failed to be marked as disputed.

140.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

141.   Plaintiff has been damaged and is entitled to relief.

### COUNT XIII
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*
*As to Plaintiff Anthony Labbate Only*

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

142.   Plaintiff repeats the allegations contained in paragraphs 1 through 141 and incorporates them as if set forth at length herein.

143.   Defendant has sought to collect on a debt that allegedly stems from, according to Labbate's credit report, "Medical."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

144.   According to the Federal Trade Commission, medical debt is a consumer debt under 15 U.S.C. §1692a(5).

145.   On or about January 12, 2015, our client ran his credit report and saw a tradeline listed from the Defendant listed. On February 5, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

146.   On or about May 11, 2015, and with Labbate having received no documentation from Defendant, ran another copy of his credit report.  Upon viewing same, Labbate realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

147.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

148.   Defendant has failed to communicate that the alleged debts was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

149.   Plaintiff has been damaged and is entitled to relief.

**COUNT XIV**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***
*As to Plaintiff Marjorie Vindas  Only*

150.   Plaintiff repeats the allegations contained in paragraphs 1 through 149 and incorporates them as if set forth at length herein.

151.   Defendant has sought to collect on a debt that allegedly stems from, according to Vindas' credit report, "Mosaico Book Club."  The alleged debt is a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5).

152.    Mosaico Book Club is a company who provides both traditional and audio books in Spanish.  These items are traditionally personal or household in nature, were in fact so in this matter, and thus a consumer debt under 15 U.S.C. §1692a(5).

153.    On or about August 28, 2014, our client ran her credit report and saw a tradeline listed from the Defendant listed. On January 5, 2015, a verification of debt letter was sent via facsimile to the Defendant disputing any and all alleged debts with the Defendant. This dispute letter was faxed to (800) 360-9954 and a transmission verification report was received showing that the Defendant had received the fax.

154.   On or about March 18, 2015, and with Vindas having received no documentation from Defendant, ran another copy of her credit report.  Upon viewing same, Vindas realized that the Defendant's tradeline was still present, and that the account had failed to be marked as disputed.

155.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

156.   Plaintiff acknowledges having an account with this company but denies there is a balance due and owing.  Plaintiff continues to dispute the validity of this tradeline as of the date of this filing.

157.   Defendant has failed to communicate that the alleged debt(s) was one in dispute, thus violating the dictates of 15 U.S.C. §1692(e) – Preface, 15 U.S.C. §1692(e)(8) and 15 U.S.C. §1692(f) – Preface.

158.   Plaintiff has been damaged and is entitled to relief.

*[Remainder of page intentionally left blank]*

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

## **DAMAGES**

WHEREFORE, Plaintiffs request this Court enter judgment against

Defendant and on behalf of all (14) Plaintiffs for the following:

A.  That an order be entered declaring the Defendant's actions and inactions, as described above, in violation of the FDCPA;

B.  That judgment be entered against the Defendant, and for each individual Plaintiff, separately and individually, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C.  That judgment be entered against the Defendant, and for each individual Plaintiff separately and individually, for statutory damages in the amount of $1000.00, or collectively in the amount of $14,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

E.  That the Court grants such other and further relief as may be just and proper.


Dated this 12th Day of June, 2015

Respectfully Submitted,

/s Megan Kerrigan__

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint

Attorney for Plaintiff
Megan Kerrigan, Esq.
PA 307279
260 North Street
First Floor
Harrisburg, PA 17101
Phone: (717)884-8694
Facsimile: (717)307-3416
megank@kerriganlegal.com

Of Counsel to the firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116

David Taggert, et al. v. National Recovery Agency, Inc._Multi-Plaintiff Complaint